# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON McKAY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Case No. 1:17-cv-00565-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Jonathon McKay ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 21, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently not in custody. The events in this complaint are alleged to have occurred at North Kern State Prison and Avenal State Prison. Plaintiff names the following defendants: Rosemary Ndoh, Does 1–50 Medical Doctors employed at Avenal State Prison, Does 1–25[1] Medical Doctors employed at North Kern State Prison, California Department of Corrections (CDCR), Avenal State Prison, and North Kern State Prison. Plaintiff's allegations are as follows:

On April 1, 2015, Plaintiff arrived at North Kern State Prison in Delano, California with a broken left arm. North Kern State Prison is a reception center where an inmate must stay for a mandatory 90 days before being transferred to a facility where they can complete their prison

---

[1] Plaintiff names a total of 75 Does (doctors at Avenal State Prison and North Kern State Prison) on page 2 of his complaint. However, Plaintiff asserts claims against "Does 1-100" throughout his complaint.

2

sentence. On the day of his arrival, Plaintiff was interviewed by a nurse. Plaintiff explained that he had a broken left arm, and showed the nurse a bump on his arm where the bone was poking out. The nurse informed Plaintiff that he would be called in for follow up. However, Plaintiff did not receive any follow up during the approximately 105 days he remained at North Kern State Prison. Plaintiff received no pain management medication, was not seen by a competent doctor, and was not placed on a treatment plan. During this time Plaintiff was forced to endure needless physical and mental harm.

On July 15, 2015, Plaintiff was transferred to Avenal State Prison. Upon arrival, he was interviewed by a nurse who took note of Plaintiff's broken left arm. Plaintiff was treated, but the treatment was so negligent that it prolonged healing and exposed Plaintiff to further needless physical and emotional harm. Defendants' failure to treat Plaintiff caused serious, long term complications, and long term irreparable disability. At the time Plaintiff arrived at Avenal State Prison, Plaintiff was already injured, and the doctors had to re-break Plaintiff's arm in order to restart the healing process after the first attempt failed. Additionally, Plaintiff claims that over-the counter Naproxen is no substitute for professional medical treatment.

Plaintiff asserts that Rosemary Ndoh, the warden at Avenal State Prison, was fully aware that Plaintiff was not receiving adequate medical care because she responded to his medical complaint at the second level of review. Warden Ndoh did not take action, and this inaction contributed to Plaintiff's needless suffering and long term irreparable damage.

Plaintiff requests a declaratory judgment, preliminary injunction, compensatory damages, punitive damages, and exemplary damages.

**III.   Discussion**

  **a.   Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

While Plaintiff's complaint is a short statement of his claims, Plaintiff's allegations are conclusory statements. Plaintiff fails to describe specific actions taken by the defendants which violated his constitutional rights. If Plaintiff is to amend his complaint he will need to include supporting factual statements that are more than mere conclusory statements. Plaintiff will need to provide factual support that demonstrates the way in which defendants' actions, or inactions, resulted in a violation of his constitutional rights.

### b. Doe Defendants

Plaintiff names Does 1 through 100 as defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### c. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link Does 1 through 100 to his claims. Furthermore, Plaintiff fails to link the warden of North Kern State Prison to any specific act. If Plaintiff wishes to amend his complaint, and before any action can be brought forth on these particular defendants, Plaintiff will need to link individual defendants with specific causes of action. Plaintiff must allege what each individual did, or failed to do, that resulted in a violation of Plaintiff's constitutional rights.

### d. Eleventh Amendment

Section 1983 authorizes a federal civil rights action against any "person" who acts under color of state law. 42 U.S.C. § 1983. "Persons" who may be sued under § 1983 do not include a state or its entities, or state employees acting in their official capacities. See Will v. Mich. Dept. of State Police, 491 U.S. 58 (1989); see also Kentucky v. Graham, 473 U.S. 159 (1985) (the Eleventh Amendment bars federal damages actions against a state and its entities).

Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. Kentucky, 473 U.S. at 169; see also Will, 491 U.S. at 71 (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. See Quern v. Jordan, 440 U.S. 332, 344–45 (1979); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

Here, Plaintiff is attempting to sue CDCR, Avenal State Prison, and North Kern State Prison, which are agencies of the state of California. Plaintiff's claims against these agencies for monetary damages are barred by the Eleventh Amendment unless the state waives its immunity. Kentucky, 473 U.S. at 169; see also Will, 491 U.S. at 71 (neither a state nor its officials acting in their official capacities are persons under § 1983).

### e. Federal Rules of Civil Procedure 18 and 20

A party asserting a claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Thus multiple claims

against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. However, multiple parties may be joined as defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir.1997).

Plaintiff may not pursue claims for relief in this action arising from unrelated events at separate institutions. In order to prove that the violations "arise from the same transaction or occurrence," Plaintiff must demonstrate that the events in question "arise out of a systematic pattern of events." Coughlin, 130 F.3d at 1350. Plaintiff's allegations do not arise of out of a series of transactions or occurrences. Plaintiff was examined by a nurse the day he arrived at North Kern State Prison, and then provided no treatment for the remainder of his stay. In contrast, he was examined by a different nurse the day he arrived at Avenal State Prison, and then provided with negligent treatment by other Avenal medical staff thereafter. If Plaintiff wishes to pursue claims for the events which occurred at North Kern State Prison or Avenal State Prison, the claims must be filed separately. If Plaintiff files an amended complaint that does not comply with Rules 18(a) and 20(a)(2), unrelated claims and defendants will be subject to dismissal.

### f. Supervisory Liability

To the extent Plaintiff seeks to bring suit against Doe defendants and North Kern State Prison's Warden based on their roles as supervisors, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff fails to identify any policies that were in place at North Kern State Prison or Avenal State Prison that were so deficient that the policy itself was a repudiation of a constitutional right and was the moving force of Plaintiff's constitutional violation. Furthermore, Plaintiff fails to identify any supervisor that was personally involved in any constitutional deprivation at North Kern State Prison. Additionally, Plaintiff fails to make allegations regarding any policy put in place by Warden Ndoh that was the moving force of any constitutional violation. Due to this failure to identify any policies or personal involvement in the underlying violation, Plaintiff has failed to allege factual support for a claim of supervisory liability for any of the defendants listed.

### g. Inmate Appeals

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

Plaintiff alleges that Warden Ndoh of Avenal State Prison was deliberately indifferent to his serious medical needs because she responded to Plaintiff's medical complaint at the second level of review. Plaintiff then referred the Court to the attached Administrative Appeal. No such document was attached. While it is not necessary for Plaintiff to include exhibits to support the allegations in his complaint, Plaintiff fails to allege any facts regarding the way in which Warden Ndoh's action,

or inaction, resulted in a violation of his constitutional rights. Plaintiff cannot pursue claims against Warden Ndoh based solely on the processing and review of his inmate appeal.

### h. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 S. Ct. 1970 (1994). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against any defendant. Plaintiff alleges that a nurse examined him upon arrival at North Kern State Prison, but the nurse is not named as a defendant. It is unclear from Plaintiff's complaint if any Doe Defendants (medical providers) at North Kern State Prison were aware of his injury. It is also

1 unclear what actions, if any, were taken by doctors at North Kern State Prison that would amount to a violation of Plaintiff's constitutional rights.

Additionally, Plaintiff states that the treatment he received at Avenal State Prison was negligent, prolonged his healing, and exposed him to further emotional and physical harm, but fails to state what treatment plan was put in place. Although the Plaintiff identifies the way in which the treatment he was given amounts to negligence, a claim of mere negligence in treating a medical condition does not meet the standard of a constitutional violation. Estelle, 429 U.S. at 106.

Plaintiff also alleges that a nurse examined him upon arrival at Avenal State Prison, but the nurse is not named as a defendant. Plaintiff further alleges that his arm was re-broken by a doctor, but that alone does not satisfy the criteria of deliberate indifference to a serious medical need. Furthermore, Plaintiff alleges that over-the counter Naproxen is no substitute for professional medical treatment, but fails to state whether this was a treatment he was provided and, if so, by whom.

### i. State Law Claims

To the extent that Plaintiff is pursuing state law claims in this action, including claims for negligence or a violation of California Civil Code section 52.1, Plaintiff has failed to allege compliance with the Government Claims Act ("GCA"). The GCA requires that a party seeking to recover money damages from a public entity or its employees must present a claim to the California Victim Compensation and Government Claims Board ("Board") before filing suit in court, generally no later than six months after the cause of action accrues. See Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Timely claim presentation is not merely a procedural requirement of the GCA, but is an element of a plaintiff's cause of action. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 209, 64 Cal.Rptr.3d 210, 164 P.3d 630 (2007). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Id. This requirement applies in federal court. Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir.1988).

///

///

### j. Preliminary Injunction

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985). The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

Plaintiff has failed to state a cognizable claim that is likely to succeed on its merits at this time. In order for the Plaintiff to meet the standard required to receive preliminary injunctive relief he will need to amend his complaint, and the court can then determine if he has met the standard required to receive preliminary injunctive relief.

### k. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated by various defendants. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village,

333 U.S. 426, 431, 68 S. Ct. 641, 92 L. Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the trier of fact returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

## IV.     Conclusion and Order

The Court finds that Plaintiff fails to state a cognizable claim against Defendants Rosemary Ndoh, Doe 1-50 Medical Doctors employed at Avenal State Prison, Doe 1-25 Medical Doctors employed at North Kern State Prison, California Department of Corrections (CDCR), Avenal State Prison, and North Kern State Prison.

The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated: **June 14, 2017**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE